TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00012-CR







Josh Lee Mendoza, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT

NO. 2001-086, HONORABLE JACK ROBISON, JUDGE PRESIDING






 A jury found appellant Josh Lee Mendoza guilty of the felony offenses of robbery,
as a lesser included offense of aggravated robbery, and aggravated kidnapping. Tex. Pen. Code Ann.
§ 20.04(a)(3),(5), (b) (West Supp 2003); § 29.02(a)(2) (West 1994). Pursuant to the jury's findings,
the district court assessed punishment at fifteen years' confinement and a fine of $5000 for each
count, to be served concurrently. Appellant challenges his conviction by two points of error. We
will affirm.


FACTUAL AND PROCEDURAL BACKGROUND On April 8, 2001, appellant and Desiree Rodriguez entered a convenience store in
Lockhart with a fully operational BB pistol. Appellant pointed the pistol at the cashier, San Juana
Varillas, and said, "Give me the money. I don't want to hurt you." While appellant pointed the
pistol, Rodriguez tied Varillas's hands with cable ties. Appellant and Rodriguez then took Varillas
approximately twenty feet to the back of the store and shoved her into a walk-in cooler. The cooler
was located in a secluded part of the store and served as a storage room for refrigerated merchandise. 
Its entrance was accessible by way of an interior office. The cooler also had exterior merchandise
doors, accessible to patrons from inside the store, that could be opened from the cooler's inside. The
entrance door could also be opened from inside. Varillas testified that she remained in the cooler
for approximately three to four minutes after appellant and Rodriguez completed their robbery and
made their escape, then opened the cooler door, exited the cooler, and called the police.


DISCUSSION


Standard of Review

 By his first point of error, appellant contends that the evidence is legally insufficient
to support his conviction for aggravated kidnapping in that no rational trier of fact could have found
that he abducted the victim. The standard for reviewing the legal sufficiency of the evidence is
whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of
fact could have found beyond a reasonable doubt the essential elements of the offense charged. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Wardrip v. State, 56 S.W.3d 588, 590 (Tex. Crim.
App. 2001); Aiken v. State, 36 S.W.3d 131, 132 (Tex. App.--Austin 2000, no pet.). In our review
of the legal sufficiency of the evidence, we must consider all the evidence that the jury was
permitted, properly or improperly, to consider. Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim.
App. 1993). Whether the evidence meets the standard set out in Jackson is a question of law. 
Clewis v. State, 922 S.W.2d 126, 132 (Tex. Crim. App. 1996). The reviewing court is not to position
itself as a thirteenth juror in assessing the evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.
Crim. App. 1988). Rather, it should act as a final due-process safeguard ensuring only the rationality
of the fact finder. Id.

 By his second point of error, appellant contends that the jury's failure to find that he
did not complete an aggravated kidnapping was against the great weight and preponderance of the
evidence. A review of the factual sufficiency begins with the presumption that the evidence
supporting the conviction was legally sufficient. Clewis, 922 S.W.2d at 134. When conducting a
factual sufficiency review, we do not view the evidence in the light most favorable to the verdict. 
Johnson v. State, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000). Instead, we consider all the evidence
in a neutral light. Id. However, we do not substitute our judgment for that of the jury and will set
aside a verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Id. at 7; Clewis, 922 S.W.2d at 129; Shelton v. State, 41 S.W.3d 208, 211 (Tex.
App.--Austin 2001, pet. ref'd). A court of appeals should reverse on factual-insufficiency grounds
only when the verdict is manifestly unjust, shocks the conscience, or clearly demonstrates bias. 
Clewis, 922 S.W.2d at 135. A verdict is not manifestly unjust merely because the jury resolved
conflicting evidence in favor of the State. Roberson v. State, 16 S.W.3d 156, 171 (Tex.
App.--Austin 2000, pet. ref'd) (citing Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997)).


Kidnapping

 A person commits the offense of aggravated kidnapping when the actor knowingly
or intentionally abducts another person and uses or exhibits a deadly weapon during the commission
of the offense. Tex. Pen. Code Ann. § 20.04(b). To "abduct" means to restrain a person with intent
to prevent liberation by either: (1) secreting or holding her in a place where she is not likely to be
found, or (2) using or threatening to use deadly force. Id. § 20.01(2) (West Supp. 2003). "Restrain"
means to restrict a person's movements without consent, so as to interfere substantially with her
liberty, by moving her from one place to another or by confining her. Id. § 20.01(1). Restraint is
"without consent" if it is accomplished by force, intimidation, or deception. Id. § 20.01(1)(A).

 The statute contains two components: a criminal act and a culpable mental state. 
King v. State, 961 S.W.2d 691, 693-94 (Tex. App.--Austin 1998, pet. ref'd). The sole act involved
in a kidnapping is restraint. Mason v. State, 905 S.W.2d 570, 575 (Tex. Crim. App. 1995). In Texas
secreting and using or threatening to use deadly force serve to establish a part of the culpable mental
state that must be shown to prove kidnapping. Brimage v. State, 918 S.W.2d 466, 475 (Tex. Crim.
App. 1994); King, 961 S.W.2d at 693-94. In other words, a kidnapper must intend to prevent his
victim's liberation by one of such acts. The State is not required to prove that the accused moved
the victim a certain distance or held the victim a specific length of time in order to establish the issue
of restraint. Hines v. State, 75 S.W.3d 444, 474-78 (Tex. Crim. App. 2002).

 To establish that appellant kidnapped Varillas, the State had the burden of proving
that: (1) appellant restrained Varillas or accomplished more than mere preparation for restraint, (2)
the restraint was without Varillas's consent, and (3) appellant acted with the specific intent to
prevent Varillas's liberation by either secreting her or using or threatening to use deadly force to
restrain her. Saldana v. State, 59 S.W.3d 703, 708 (Tex. App.--Austin 2001, pet. ref'd)

 Viewed in the light most favorable to the verdict, the evidence shows that appellant 
and Rodriguez entered the convenience store intending to rob it. Appellant pointed the BB pistol
at Varillas and said, "Give me the money. I don't want to hurt you." Rodriguez then bound
Varillas's hands, while appellant's finger was on the pistol's trigger. Appellant and Rodriguez then
led Varillas through an interior office and into the cooler, where she was confined in the back of the
store. It was not until appellant and Rodriguez had completed the robbery and fled the store that
Varillas escaped.

 The offense of kidnapping is complete when a restraint of the victim is established
and there is evidence of intent by the accused to prevent liberation by either secretion or the use or
threatened use of deadly force. Mason, 905 S.W.2d at 575. The fact that a BB pistol was used or
displayed is not controlling on the issue of deadly force. A threat of deadly force may be established
solely through the statements and conduct of the accused, coupled with the circumstances of the
offense. Ramirez v. State, 692 S.W.2d 729, 732 (Tex. App.--Waco 1985, no pet.). The evidence
is similar to that recently held legally sufficient in Hines v. State, except that here a BB pistol, rather
than a shotgun, was used. 75 S.W.3d at 445-48. Appellant argues that this case is distinguishable
from Hines because appellant was armed only with what he claims was an unloaded BB pistol. 
However, the evidence that appellant displayed the BB pistol to Varillas and that the pistol was
capable of causing serious bodily injury if pointed and fired at someone is sufficient to support the 
jury's deadly weapon finding. Adame v. State, 69 S.W.3d 581, 582 (Tex. Crim. App. 2002). 
Whether the BB pistol was loaded or unloaded is not significant in this analysis. Id. The jury could
infer from the evidence that the pistol was loaded. Delgado v. State, 986 S.W.2d 306, 308 (Tex.
App.--Austin 1999, no pet.). Appellant brandished the pistol, pointed it at Varillas, and threatened
to harm her if she did not comply. The jury, as a trier of fact, was entitled to take appellant at his
word. Id. The jury could infer that appellant was capable of carrying out his threats; that is, that the
pistol was loaded, and therefore constituted a deadly weapon during the robbery. Id. Looking at all
of the evidence, we find that a rational juror could have found beyond a reasonable doubt that
appellant abducted Varillas with the threat of deadly force. We overrule appellant's first point of
error.

 By his second point of error, appellant contends that the evidence is factually
insufficient to support his conviction for aggravated kidnapping in that the evidence does not support
the jury's finding that he abducted Varillas so as to substantially interfere with her liberty. 
Specifically, appellant argues that: (1) Varillas was only briefly confined to the cooler; (2) her hands
were not bound so tight as to prevent her from being able to open the cooler door once appellant left
the premises; (3) the cooler could have been opened from the inside; and (4) the cooler was in a
public area where Varillas was likely to be found. Appellant's argument does not preclude a finding
of an abduction. The record shows that, through use of force by appellant and Rodriguez, the victim
had her hands bound at gunpoint; was threatened with bodily harm if she did not cooperate; was
physically moved from the cash register through an interior office to the inside of the cooler; and was
confined for several minutes while appellant and Rodriguez completed the robbery and made their
escape. We hold that, viewing all the evidence in a neutral light, the verdict is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. See Clewis, 922 S.W.2d
at 129.


CONCLUSION


 We overrule appellant's points of error and affirm the district-court judgment.



 

 Lee Yeakel, Justice

Before Justices Kidd, B. A. Smith and Yeakel. 

Affirmed

Filed: December 5, 2002

Do Not Publish