Affirmed and Memorandum Opinion filed August 10, 2006








Affirmed and Memorandum Opinion filed August 10, 2006.

 

 

In The

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00692-CR

____________

 

JAMES ANDREW WALKER II, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 240th
Judicial District Court

Fort Bend County, Texas

Trial Court Cause No. 40,659

 



 

M E M O R A N D U M   O P I N I O N

Challenging his conviction of aggravated kidnapping,
appellant James Andrew Walker II contends that the evidence is legally and
factually insufficient to support his conviction. We affirm. 

 I. Factual and Procedural Background

 Appellant was indicted for the
offense of aggravated kidnapping.  He pleaded Anot guilty.@  The following facts were developed
at his jury trial. 








On
September 27, 2003, appellant visited Janona Singleton, the mother of his two
children.  While at Janona=s residence, appellant became upset because he believed that
Janona was dating another man, Cedric Lomnec.  A violent argument ensued. Appellant
hit Janona repeatedly in the face.  Janona then drove appellant back to his
apartment.  Several hours later, appellant returned to Janona=s home with a gun.   When the couple
began arguing in the front yard, Janona=s sister, Matoka came outside. 
According to Janona=s trial testimony, appellant told her not to let Matoka come
near them, and that if she did, appellant would shoot both women.

Janona
went to her vehicle, but appellant stepped in front it, preventing Janona from
driving away.  Cedric then arrived in his vehicle, but drove away shortly
thereafter.   Appellant opened the door to Janona=s vehicle, forced her out of the
driver=s seat, and began to drive after
Cedric with Janona in the passenger seat.  Janona testified that she was
frightened and felt she was in a dangerous situation.  Appellant continued to
follow Cedric until he saw police cars.  At that point, appellant began to turn
the vehicle around, and Janona jumped out.  Janona testified that she felt
captive and could not get out of the vehicle safely until appellant slowed to
turn the vehicle around.  After her escape, Janona ran down the street trying
to flag down a police officer.  

Officers
Pamela Tyler and Karen Fields, driving separate vehicles, stopped to help
Janona, who was bleeding from her mouth and shaking uncontrollably.  The
officers brought Janona back to her residence to take her statement.  While
there, the officers noticed that there was blood in the master bedroom and the
telephones had been broken. Janona told the officers that appellant came to her
home, threatened to kill her and her sister, and forced her to go with him on a
vehicular chase after Cedric. 








Appellant
testified on his own behalf.  He admitted to assaulting Janona that night and
to sitting on her and forcing her to move to the passenger seat so that he
could drive after Cedric. Appellant testified that he owned the gun Janona
described, but he denied having it on his person on the night in question.
Appellant further testified that he brought flowers to Janona=s place of work a few days after the
incident. 

The jury
found appellant guilty as charged and assessed a sentence of seven years= confinement in the Texas Department
of Criminal Justice.

II.  Legal and Factual Sufficiency of the Evidence

In two
issues, appellant contends that the evidence is legally and factually
insufficient to support his conviction.  In evaluating a legal-sufficiency
challenge, we view the evidence in the light most favorable to the verdict. 
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App.2000). The issue on
appeal is not whether we, as a court, believe the State=s evidence or believe that the
appellant=s evidence outweighs the State=s evidence. Wicker v. State,
667 S.W.2d 137, 143 (Tex. Crim. App. 1984).  The verdict may not be overturned
unless it is irrational or unsupported by proof beyond a reasonable doubt. Matson
v. State, 819 S.W.2d 839, 846 (Tex. Crim. App.1991).  The jury as the trier
of fact, Ais the sole judge of the credibility of the witnesses and the strength of
the evidence.@  Fuentes v. State, 991 S.W.2d 267, 271 (Tex.  Crim. App. 1999). 
The jury may choose to believe or disbelieve any portion of the witnesses= testimony.   Sharp v. State,
707 707 S.W.2d 611, 614 (Tex.Crim.App.1986). When faced with conflicting
evidence, we presume the trier of fact resolved conflicts in favor of the
prevailing party.  Turro v. State 867 S.W.2d 43, 47 (Tex. Crim.
App.1993).  Therefore, if any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt, we must affirm. McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App.1997).








In
contrast, when evaluating a challenge to the factual sufficiency of the
evidence, we view all the evidence in a neutral light and inquire whether the
jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga
v. State, 144 S.W.3d. 477, 484 (Tex.  Crim. App. 2004).  A reviewing court
may find the evidence factually insufficient in two ways.  Id.  First, when
considered by itself, the evidence supporting the verdict may be too weak to
support the finding of guilt beyond a reasonable doubt.  Id.  Second,
after weighing the evidence supporting the verdict and the evidence contrary to
the verdict, the contrary evidence may be strong enough that the
beyond-areasonable-doubt standard could not have been met.  Id. at
484-85.  In conducting the factual-sufficiency review, we must employ
appropriate deference so that we do not substitute our judgment for that of the
fact finder. Id. at 481-82. Our evaluation should not intrude upon the
fact finder=s role as the sole judge of the weight and credibility given to any
witness=s testimony.  Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App.1997).  In conducting a factual-sufficiency
review, we must discuss the evidence appellant claims is most important in
allegedly undermining the jury=s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App.2003).

To
support a conviction for aggravated kidnapping, the evidence must show that the
accused (1) intentionally or knowingly abducted an individual and (2) used or
exhibited a deadly weapon during the commission of the offense.  See Hines
v. State, 75 S.W.3d 444, 446 (Tex. Crim. App. 2002).  AAbduct@ means to restrain a person with the
intent to prevent her liberation by either secreting or holding her in a place
where she is not likely to be found, or using or threatening to use deadly
force. Id.  ARestrain@ means to restrict
a person=s movements
without consent, so as to interfere substantially with the person=s liberty, by
moving the person from one place to another or by confining the person. Id.  
The evidence must show that the interference with the victim=s liberty was
substantial and intentional.  Mason v. State 905 S.W.2d 570, 575.  AIt is up to the
jury to distinguish between those situations in which a substantial
interference with the victim=s liberty has taken place and those
situations in which a slight interference has taken place. This can be
established by looking at all of the circumstances surrounding the offense.@ Hines at 448. 








Appellant contends that the evidence is legally and
factually insufficient to show that he had the specific intent to interfere
with Janona=s liberty, and to demonstrate that he used deadly
force.  We find no merit in these arguments and conclude that there is
sufficient evidence to determine beyond a reasonable doubt that appellant
intentionally interfered with Janona=s liberty by using
deadly force.  

Appellant admitted that he assaulted Janona.  Both Janona and her sister testified
that appellant arrived at Janona=s home threatening Janona with a handgun. 
Appellant admits to pushing Janona over to the passenger seat in her vehicle so
that he could drive after Cedric.  Janona testified that she was forced to go
along with appellant against her will, and was very frightened.  Although he
denies having a gun on the night in question, appellant admitted to owning a
handgun that meets the description of the gun used on Janona the night of the
incident.  As the trier of fact, the jury Ais the sole judge of the credibility
of the witnesses and the strength of the evidence.@  Fuentes, 991 S.W.2d at 271. 
The jury was free to believe or disbelieve any portion of the witnesses= testimony. Sharp, 707 S.W.2d
At 614.  We may disagree with the fact finder only when the record clearly
indicates a manifest injustice.  Johnson, 23 S.W.3d at 9.  This is not
such a case.  Based on the evidence, we conclude that the jury could have found
the essential elements of the crime beyond a reasonable doubt.  In addition,
the proof of appellant=s guilt is neither so weak nor so greatly outweighed by
contrary proof as to warrant the conclusion that the conviction was manifestly wrong. 
The evidence is both legally and factually sufficient to support appellant=s conviction of aggravated
kidnapping.  We overrule appellant=s two issues on appeal.

 Having
overruled appellant=s challenges to the legal and factual sufficiency of the
evidence, we affirm the judgment of the trial court.

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered
and Memorandum Opinion filed August 10, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).