IN THE
TENTH COURT OF APPEALS



No. 10-07-00367-CR

**LEONARD WAFER,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

From the 13th District Court
Navarro County, Texas
Trial Court No. 31,328

## MEMORANDUM OPINION

Leonard Wafer appeals his conviction for the offense of aggravated kidnapping with a deadly weapon and thirty-year prison sentence. We will affirm.

Wafer's sole issue complains that the evidence is legally and factually insufficient to support a finding that he did not voluntarily release the victim in a safe place. *See generally Cooks v. State*, 169 S.W.3d 288 (Tex. App—Texarkana 2005, pet. ref'd). The indictment charged Wafer with the aggravated kidnapping of his wife, Marie. A person commits aggravated kidnapping if he intentionally or knowingly abducts another

person and uses or exhibits a deadly weapon during the commission of the offense. TEX. PEN. CODE ANN. § 20.04(b) (Vernon 2003); *Hines v. State,* 75 S.W.3d 444, 446 (Tex. Crim. App. 2002). "At the punishment stage of a trial, the defendant may raise the issue as to whether he voluntarily released the victim in a safe place. If the defendant proves the issue in the affirmative by a preponderance of the evidence, the offense is a felony of the second degree." TEX. PEN. CODE ANN. § 20.04(d).

Trial was before the court. The State maintains that Wafer has not preserved this issue for appellate review because he did not raise voluntary release in the trial court. A defendant in an aggravated kidnapping case has the burden of raising and proving voluntary release in a safe place and must bring it to the trial court's attention. *See id.*; *Posey v. State,* 966 S.W.2d 57, 63 (Tex. Crim. App. 1998); *Carreon v. State,* 63 S.W.3d 37, 39 (Tex. App—Texarkana 2001, pet. ref'd); *Hernandez v. State*, No. 14-06-00200-CR, 2007 WL 43768, at *1 (Tex. App.—Houston [14th Dist.] Jan. 9, 2007, pet. ref'd) (not designated for publication).

Wafer does not point to any place in the record where he raised the voluntary release issue in the trial court, requested the trial court to find voluntary release, or otherwise brought it to the trial court's attention, and our review has discovered none. Accordingly, Wafer has not preserved his issue for appellate review. *See* TEX. R. APP. P. 33.1(a); *Hernandez*, 2007 WL 43768, at *1.

Wafer also reasons that he was harmed by the thirty-year sentence because the punishment range for a second-degree felony is not more than twenty years or less than two years. *See* TEX. PEN. CODE ANN. § 12.33 (Vernon 2003). Thus, a finding that he had

voluntarily released his victim in a safe place would render the sentence outside the proper range of punishment. However, the State sought enhanced punishment with Wafer's prior felony conviction, which the trial court found true and thus elevated the second-degree felony to a first-degree felony. *See id*. § 12.42(b) (Vernon Supp. 2008). The punishment range for a first-degree felony is not more than ninety-nine years or less than five years, or life. *Id*. § 12.33 (Vernon 2003). Therefore, even if the trial court had found that Wafer had released the victim in a safe place, the thirty-year sentence is within the applicable punishment range.

Wafer's sole issue is overruled, and we affirm the trial court's judgment.


                                        REX D. DAVIS
                                        Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
        (Chief Justice Gray does not join the opinion and concurs in the judgment only to
        the extent it affirms the trial court's judgment. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed August 12, 2009
Do not publish
[CRPM]