# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-09-00627-CR

**Patrick Geer, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
NO. D-1-DC-08-904110, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Patrick Geer was convicted of the offense of aggravated kidnapping. *See* Tex. Penal Code Ann. § 20.04(a)(3) (West 2003) (listing elements of offense of aggravated kidnaping). The victim was Gloria Rodriguez, and the crime occurred in the parking lot of a pharmacy in Austin, Texas. Immediately after the event, the police were called and quickly responded to the scene. The police found Geer in a nearby shopping center and arrested him.

After his arrest, Geer was indicted for the offense, and a trial was scheduled. Subsequent to his indictment, Geer pleaded not guilty to the alleged crime, and a trial was conducted before a jury. During the trial, Rodriguez provided testimony regarding the crime, and various witnesses testified regarding events occurring before and after the crime, including Geer's arrest. Further, testimony from some of the pharmacy's employees and a surveillance videotape demonstrated that Geer had been in the store shortly before the crime occurred. In addition, a latent

print examiner for the Austin police department testified that Geer's fingerprints were discovered on Rodriguez's car.

Ultimately, the jury found Geer guilty of the offense alleged. During sentencing, the State alleged for enhancement purposes that Geer had previously been convicted of murder. Geer pleaded not true to the allegation, but the jury found the murder allegation to be true. After the punishment hearing, the jury sentenced Geer to 75 years' imprisonment. Shortly after his sentence was imposed, Geer appealed his conviction. We will affirm his conviction.

## DISCUSSION

In his sole issue on appeal, Geer contends that the evidence is factually insufficient to support his conviction for aggravated kidnapping.

In factual-sufficiency determinations, all of the evidence is considered in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). When performing this analysis, courts bear in mind that the fact finder is the sole judge of the weight and the credibility of the evidence presented. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *see also* Tex. Code Crim. Proc. Ann. art. 36.13 (West 2007) (explaining that "jury is the exclusive judge of the facts"). Under a factual sufficiency review, the judgment may only be set aside if (1) the verdict is "against the great weight and preponderance of the evidence," or (2) the evidence is "so weak that the jury's verdict seems clearly wrong and manifestly unjust." *Watson*, 204 S.W.3d at 414-15. A conviction is not manifestly unjust simply because an appellate court would have resolved conflicts in the evidence differently. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).

2

Under the penal code, an individual commits aggravated kidnapping if "he intentionally or knowingly abducts another person with the intent to . . . facilitate the commission of a felony or the flight after the attempt or commission of a felony." *See* Tex. Penal Code Ann. § 20.04(a)(3). In this case, the alleged felony was a robbery, and the penal code explains that a person commits robbery if he "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death" "in the course of committing theft . . . and with intent to obtain or maintain control of the property." *Id.* § 29.02(a) (West 2003); *see also id.* § 29.02(b) (West 2003) (explaining that robbery is second degree felony).

Regarding the offense of kidnapping, the code defines "abduct," in relevant part, as meaning "to restrain a person with intent to prevent his liberation by . . . threatening to use deadly force."[1] *Id.* § 20.01(2) (West Supp. 2009). The code also clarifies that "restrain" means "to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person. Restraint is 'without consent' if it is accompanied by . . . force, intimidation, or deception." *Id.* § 20.01(1)(A) (West Supp. 2009). Regarding the requirement that the offender threaten to use deadly force, the threat "can be communicated by words alone, separate and apart from exhibiting a deadly weapon." *Ramirez v. State*, 692 S.W.2d 729, 731 (Tex. App.—Waco 1985, no pet.). The threat may also include an offer to use force in the future. *See Young v. State*, No. 02-08-312-CR, 2009 Tex.

---

[1] We note that Geer does not dispute that the "threatening to use deadly force" prong was satisfied in this case. Geer also does not dispute that he was the individual who was involved in the incident in the parking lot.

3

App. LEXIS 9651, at *13 (Tex. App.—Fort Worth Dec. 17, 2009, no pet.) (mem. op., not designated for publication).

During the trial, Rodriguez testified regarding the crime and the events occurring shortly before and shortly after the offense. First, Rodriguez testified that she went to the pharmacy to get a prescription filled and to visit with her daughter who worked at the store. In addition, Rodriguez stated that when she walked to the entrance of the store, she saw Geer standing outside. Further, Rodriguez explained that after visiting with her daughter for a brief time, she exited the store and walked to her car. Next, Rodriguez stated that when she reached her car, Geer grabbed her arm hard, threatened her, ordered her to get into her car, and demanded that she give him the keys to her car. Regarding the threatening language used by Geer, Rodriguez recalled that Geer said, "jump in the fucking car and don't fucking scream because I'm going to fucking kill you." When describing those statements, Rodriguez communicated that she believed that the threats were real.

Then, Rodriguez testified that Geer pushed her into her car against the driver's seat and blocked her with his body. When describing the encounter, Rodriguez stated that when Geer pushed her into the car, she felt like she "didn't have a way out" and agreed that Geer's actions restricted her movement and trapped her. Next, Rodriguez explained that after Geer pushed her into the seat to the point to where she had almost fully sat down, she pushed Geer away and started to scream. Finally, Rodriguez related that after she began screaming, Geer fled the scene.[2]

---

[2] None of the witnesses who testified during the trial actually observed the incident, but Matthew Davidson did testify that he saw Geer running away from the scene shortly after Rodriguez began screaming. Further, Davidson and one of the responding police officers, Lori Noriega, described what Rodriguez said to them about the incident shortly after it occurred. *See* Tex. R. Evid. 803(2) (explaining that excited utterances are exceptions to hearsay rule). Their recollections are consistent with Rodriguez's testimony regarding the incident.

When attacking the sufficiency of the evidence, Geer contends that the evidence is insufficient because it does not establish a *substantial* interference with Rodriguez's liberty. In particular, Geer asserts that there was no substantial interference because the alleged kidnapping was of too short a duration or because the restraint "was never fully accomplished." In support of these assertions, Geer states that "[t]here was no time for a prolonged physical struggle, or even apparently, enough time for [Geer] to get inside the vehicle, much less transport [Rodriguez] to some other location." Geer further states that Rodriguez was able to fight off Geer "within seconds," that Rodriguez "maintained control of her automobile" during the "few seconds that it took to dissuade [Geer] from his attempt to kidnap her," that Geer only pushed Rodriguez "partially inside the car," that Rodriguez was only inside the car for a brief period of time, that Geer fled the scene "immediately after" Rodriguez screamed "and before the other witnesses had the opportunity to move toward the scene," and that Rodriguez testified that she was back inside the pharmacy within a few minutes of having first left the store to return to her car. In addition, Geer argues that her liberty could not have been substantially interfered with because she responded to Geer's threats by refusing to hand over her keys, by screaming, and by shoving Geer shortly after he grabbed her.

Although Geer correctly points out that the criminal encounter was brief, the State is not required to prove that an offender held the victim for any particular length of time. *Hines v. State*, 75 S.W.3d 444, 447-48 (Tex. Crim. App. 2002) (explaining that "there is no specific time requirement for determining whether a restraint has taken place"). In addition, the State need not show that a perpetrator actually moved the victim to a different location; rather, the State may prove that a kidnapping occurred by showing that a perpetrator substantially interfered with the victim's liberty by restricting the victim's movements. Furthermore, the determination regarding whether

5

there has been a substantial interference is to be made "by looking at all of the circumstances surrounding the offense." *Id.* at 448. Moreover, the fact that a victim chose to resist an offender does not mean that the victim's liberty had not been substantially interfered with.

When looking at all of the circumstances surrounding the offense and when viewing all of the evidence in a neutral light, we conclude that a rational trier of fact could have concluded that Geer intentionally or knowingly caused a substantial interference to Rodriguez's liberty by restricting her movements with the intent to facilitate the commission of a robbery. Furthermore, we conclude that a rational trier of fact could have determined that Rodriguez accomplished this task by threatening to use deadly force. Accordingly, we cannot conclude that the evidence supporting the judgment is so weak as to make the jury's verdict clearly wrong or unjust, nor can we conclude that the verdict is against the great weight and preponderance of the evidence. Therefore, the evidence is factually sufficient, and we overrule Geer's issue on appeal.

## CONCLUSION

Having overruled Geer's sole issue on appeal, we affirm the judgment of the district court.

_____

David Puryear,  Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   August 26, 2010

Do Not Publish

6