NO.
12-08-00430-CR

      

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

WILTON
LARRON MAHAFFEY,                   '                 APPEAL
FROM THE 

APPELLANT

 

V.                                                                         '                 COUNTY COURT AT
LAW #2

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 HENDERSON COUNTY,
TEXAS

                                                        
                                         

OPINION OVERRULING REHEARING
AFTER REMAND

Appellant
has filed a motion for rehearing, which is overruled.  This court’s opinion of
November 3, 2010 is withdrawn, and the following opinion is substituted in its
place.

Wilton
Larron Mahaffey appeals his conviction for driving while intoxicated, for which
he was sentenced to confinement for three days and fined five hundred dollars. 
On original submission, in one issue, Appellant argued that the trial court
improperly denied his motion to suppress because the traffic stop preceding his
arrest was unlawful.  See Mahaffey v. State, No. 12-08-00430-CR,
2009 WL 2517121, at *1 (Tex. App.–Tyler June 30, 2010) (mem. op., not
designated for publication).  We determined that, by his failure
to signal his intent to turn when steering his car leftward as the right-hand
lane in which he was driving merged into the left-hand lane, Appellant
committed a traffic violation.  See id., at *4. 
Consequently, we held that Appellant’s motion to suppress was properly
overruled because the traffic stop was lawful and affirmed the trial court’s
judgment.  Id.  Appellant filed a petition for discretionary
review, which was granted.  Concluding that Appellant’s leftward “merge” was
not a turn under the transportation code, and thus, did not require Appellant
to use a turn signal, the court of criminal appeals reversed our judgment and
remanded the cause for our further consideration of Appellant=s sole issue.  See Mahaffey v. State,
316 S.W.3d, 633, 639-40 (Tex. Crim. App. 2010).  We affirm.

 

Background

Appellant
was charged by information with driving while intoxicated.  Thereafter, Appellant
filed a motion to suppress any evidence seized as a result of what he alleged
was an illegal detention. The trial court subsequently conducted a hearing on
Appellant=s motion.  

At
the hearing, Gun Barrel City Police Sergeant Billy Sparks testified concerning
his stop of Appellant=s vehicle.  Sparks testified that
he stopped Appellant=s vehicle for violating Texas
Transportation Code, section 545.104.  Sparks elaborated that Appellant was
traveling southbound on Texas Highway 198.  Sparks stated that the southbound
side of the highway had two lanes.  Sparks further stated that Appellant passed
a traffic sign that stated, ALane ends, merge left.@  Sparks testified that when Appellant reached the
point in the roadway where the broken dividing lines between the two lanes
ceased and the line dividing the right-hand lane with the shoulder angled
inward, he merged his vehicle leftward without using a turn signal.[1]  Sparks further testified that
Appellant=s actions amounted to a traffic
violation.

Following
the hearing, the trial court entered a written order denying Appellant=s motion to suppress.  Thereafter, the trial court
made the following written findings of fact and conclusions of law:

 

On
September 27, 2006, the Defendant was stopped for a traffic violation under
Section 545.104 of the Texas Transportation Code (' 545.104.  SIGNALING
TURNS; USE OF TURN SIGNALS. (a)  An operator shall use the signal authorized by
Section 545.106 to indicate an intention to turn, change lanes, or start
from a parked position.[).]

 

The
Court finds that the defendant did not cross over lane markings[,] but rather
failed to use a turn signal after the lane markings ended as the two lanes
merged into one.  The Court finds that this conduct is a traffic violation as
contemplated by Section 545.104(a) and as such the traffic stop was justified.

 

The Court finds that the sole valid
basis for the traffic stop and detention of the Defendant 

was the violation of Section 545.104(a).

 

 

Subsequently,
Appellant pleaded “guilty” as charged.  The court sentenced Appellant to
confinement for three days and fined Appellant five hundred dollars.  This
appeal followed.

 

Motion
to Suppress

In
his sole issue on remand, Appellant argues that the trial court erred in
denying his motion to suppress.  Specifically, Appellant argues that Sparks=s traffic stop was baseless because Appellant=s failure to signal was not a violation of section
545.104(a).

Standard
of Review

A
trial court's decision to grant or deny a motion to suppress is generally
reviewed under an abuse of discretion standard.  Oles v. State,
993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Villarreal v. State,
935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Maysonet v. State, 91
S.W.3d 365, 369 (Tex. App.–Texarkana 2002, pet. ref=d).  We will review de novo the legal question
involving interpretation of the Texas Transportation Code.  Wehring v.
State, 276 S.W.3d 666, 669 (Tex. App.–Texarkana 2008, no pet.) (citing Hernandez
v. State, 957 S.W.2d 851 (Tex. Crim. App. 1998) and Maysonet,
91 S.W.3d at 369).  Since all evidence is viewed in the light most favorable to
the trial court=s ruling, we are obligated to
uphold it on a motion to suppress if that ruling was supported by the record
and was correct under any theory of law applicable to the case.  State v.
Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Carmouche v.
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); State v.
Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999); Maysonet,
91 S.W.3d at 369.

Governing
Law

A
routine traffic stop closely resembles an investigative detention.  Powell
v. State, 5 S.W.3d 369, 375 (Tex. App.–Texarkana 1999, pet. ref=d).  Because an investigative detention is a seizure
that implicates the United States and Texas constitutions, the traffic stop
must be reasonable.  U.S. Const.
amend. IV; Tex. Const. art. I, ' 9; Francis v. State, 922 S.W.2d 176,
178 (Tex. Crim. App. 1996).  To determine the reasonableness of an
investigative detention, we conduct the inquiry set forth by the United States
Supreme Court in Terry v. Ohio:  (1) whether the officer=s action was justified at its inception; and (2)
whether it was reasonably related in scope to the circumstances that initially
justified the interference.  Terry v. Ohio, 392 U.S. 1, 19-20, 88
S. Ct. 1868, 1879, 20 L. Ed. 2d 889 (1968); Davis v. State, 947
S.W.2d 240, 242 (Tex. Crim. App. 1997).

Under
the first guideline, an officer=s reasonable suspicion justifies
an investigative detention.  Davis, 947 S.W.2d at 242-43. 
Specifically, the officer must have a reasonable suspicion that some activity
out of the ordinary is occurring or has occurred.  Id. at 244
(citing Garza v. State, 771 S.W.2d 549, 558 (Tex. Crim. App.
1989)).  To determine whether an officer was reasonable in his initial action,
we ask whether, in light of the officer=s experience and knowledge, there
existed specific, articulable facts which, taken together with rational
inferences from those facts, reasonably warranted an intrusion.  Id.
at 242.  Thus, if an officer has a reasonable basis for suspecting that a
person has committed a traffic offense, the officer may legally initiate a
traffic stop.  See Powell v. State, 5 S.W.3d at 376 (Tex.
App.–Texarkana 1999, pet. ref’d) (citing Drago v. State, 553 S.W.2d
375, 377-78 (Tex. Crim. App. 1977).  It is not necessary to show
that the person detained actually violated a traffic regulation.  See Powell,
5 S.W.3d at 376-77.

Merging
Lanes and Required Use of a Turn Signal Under Section 545.104(a)

In
the case at hand, Sparks believed Appellant=s
failure to signal an intent to turn prior to initiating his leftward merge was
a violation of section 545.104(a).  The question we must resolve is whether it
was reasonable for Sparks to conclude that a traffic violation had been
committed even though Appellant=s vehicle did not cross any lane
dividing lines.

When
interpreting statutes, we seek to effectuate the intent or purpose of the
legislators who enacted them.  Omaha Healthcare Ctr., L.L.C. v. Johnson,
246 S.W.3d 278, 282 (Tex. App.–Texarkana 2008, pet. filed) (citing Fitzgerald
v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 865
(Tex.1999)).  If the statute is clear and unambiguous, the plain meaning of the
words should be applied.  Hines v. State, 75 S.W.3d 444, 447
(Tex. Crim. App. 2002); Boykin v. State, 818 S.W.2d 782, 785
(Tex. Crim. App. 1991); Johnson, 246 S.W.3d at 282.  However, if
application of the plain language would lead to absurd consequences the
legislature could not have intended, we may look to extracontextual factors to
arrive at a sensible interpretation of the statute.  Hines, 75
S.W.3d at 447; Boykin, 818 S.W.2d at 785–86.

Section
545.104(a) of the Texas Transportation Code provides in pertinent part as
follows: 

 

An
operator shall use the signal authorized by Section 545.106 to indicate an
intention to turn, change lanes, or start from a parked position. 

 

 

Tex. Transp. Code Ann. § 545.104(a) (Vernon 1999).  

In
response to Appellant’s sole issue on remand, the State argues that Appellant’s
“merging” constituted a lane change.  The plain language of the statute
requires a driver to signal to “change lanes.”  See id. 
The transportation code defines a “laned roadway” as a roadway that is divided
into at least two clearly marked lanes for vehicular travel, see Tex. Transp. Code Ann.
§ 541.302(7) (Vernon 1999), while “change” means, among other things, to
“switch” or “leave for another.”  See The
American Heritage Dictionary 258 (2d College ed. 1982); see also Mahaffey,
316 S.W.3d at 641 (citing Texas Driver’s Handbook, § A-5) (“Lane change” is
defined as a “lateral maneuver moving the vehicle from one lane to another
using proper space management procedures.”).[2]

Sparks
testified that both he and Appellant passed a traffic sign that stated, “Lane
ends, merge left.”  Sparks
further acknowledged that Appellant did not cross any lane dividing lines at
the point when he steered his vehicle to the left.  Had Appellant steered his
vehicle laterally across lane dividing lines, it would be clear that Appellant would have been
required to signal prior to doing so.  But there is no requirement that a
driver cross a dividing line to effectuate a lane change.  See, e.g., Turner
v. State, 261 S.W.3d 129, 133 (Tex. App–San Antonio 2008, no pet.)
(holding that record supported trial court’s findings that the appellant did
not signal intent to change lanes even though the appellant’s vehicle did not
cross lane dividing lines).  Yet, regardless of whether Appellant’s vehicle
crossed a marked lane dividing line, the right-hand lane in which Appellant was
traveling did end.[3]
 When the right-hand
lane ended, Appellant continued driving in the other southbound lane,
previously the lane to his left, that had not ended.  To reach that remaining
lane, Appellant had to make a leftward lateral maneuver as he departed that
lane for another.   Thus, it was reasonable for Sparks to conclude, based upon
the plain language of section 545.104(a), that Appellant committed a traffic
violation because he changed lanes[4] and did not signal his intent to do so.  As such,
the evidence related to the DWI gathered in conjunction with this lawful
traffic stop was not required to be suppressed.  Accordingly, we hold that the
trial court did not err in denying Appellant=s
motion to suppress.  Appellant=s sole issue is overruled.

 

Disposition

Having
overruled Appellant=s sole issue, we affirm
the trial court=s judgment.

 

                                                                                                Sam Griffith

                                                                                           
      Justice

 

 

 

Opinion
delivered March 2, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)




Appendix

 

Figure
A.1



 

Figure
A-2

 



 

                                                                              









[1] Sparks
acknowledged that Appellant did not cross any lane dividing lines at the point
where he steered his vehicle to the left.  However, Sparks stated that he still
considered there to be two lanes in spite of the absence of a dividing line.





[2]The Texas
Driver’s Handbook (the Handbook) is online at the following url:  http://www.txdps.state.tx.us/DriverLicense/documents/DL-7.pdf. 
In its opinion, the court of criminal appeals discussed several sections of the
Handbook apart from the definition of “lane change” based upon the stated
possibility that the statute might be considered ambiguous.  See Mahaffey,
316 S.W.3d at 641.  We do not conclude that the term “change lanes” is
ambiguous given its commonly understood meaning.  Therefore, we do not rely on
the Handbook in our analysis.  Even had we concluded that the term “change
lanes” is ambiguous, the outcome would not differ because the Handbook’s
definition of “lane change,” is consistent with that phrase’s commonly
understood meaning.  Under that scenario, we are mindful of the court’s
statement in its opinion that “[n]owhere does the manual say that a driver must
signal when a lane merges into another lane––save for the situation when a
driver enters a freeway.”  Id.  The court’s statement is
accurate. We note, however, that section 9-2, which concerns “entering the freeway,”
is the only portion of the Handbook in which there is any reference to a
driver’s responsibilities when one lane merges into another.  Cf. Texas
Driver’s Handbook, § 9-4 (no reference made to lanes merging when leaving the
freeway).  As the court notes, section 9-2 requires that a driver use a signal
prior to merging from the “merging area” at the end of the “speed change” or
“acceleration” lane into the ongoing right-hand freeway lane.  See Texas
Driver’s Handbook, §§ 9-2, A-5 (“merging area”).  However, the turn signal
requirement when merging onto a freeway is absent from both the Handbook’s and
the Texas Transportation Code’s list of instances where a turn signal is
required.  See id. at § 9-2; Tex. Transp. Code Ann.
§ 545.104(a).  Moreover, we note that our conclusion is analogous to section
9-2’s requirement that a driver signal before making a leftward lateral
movement from a “speed change” or “acceleration” lane into the ongoing right-hand
freeway lane, where, similar to the scenario at hand, one lane ends by merging
into a continuing lane of traffic.  As in the case at hand, a reasonable
conclusion is that a vehicle entering the freeway and merging as instructed by
the Handbook has performed a maneuver that amounts to a lane change.  Hence, the
operator is required to use the vehicle’s turn signal.  See Texas
Driver’s Handbook, § 9-2. The diagram in section 9-2 illustrates the close
similarities between the Handbook’s requirements under that section as
referenced by the court of criminal appeals in its opinion and the scenario at
issue in the instant case, which Appellant sought to illustrate in his brief by
way of a diagram.  Compare Appendix, Figure A-1 (diagram from section
9-2) with Appendix, Figure A-2 (diagram of description of movement of
Appellant’s vehicle from statement of facts in Appellant’s brief).  In sum,
were we to conclude that the phrase “change lanes” is ambiguous, neither the
Handbook’s failure to specifically outline a driver’s responsibilities in the
situation before nor its solitary reference in section 9-2 to a driver’s
responsibilities when one lane merges into another would result in a different
outcome.

 





[3] Because the
question of the precise location where the right-hand lane ended is of no
consequence to our analysis, we do not address it. 





 

[4]
See The American Heritage Dictionary
258 (2d College ed. 1982); Tex. Transp.
Code Ann. § 541.302(7) (Vernon 1999).