Willie Jones CARRAWAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 48006.

Court of Criminal Appeals of Texas.

April 10, 1974.

Barry Helft (Court appointed on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., and William L. Hubbard, Asst. Dist. Atty., Dallas and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for murder; the punishment, life imprisonment.

The sufficiency of the evidence is not challenged and a full statement of the facts is not necessary to understand the appellant's grounds of error. The murder was committed during a robbery.

The first ground of error is that:

"The appellant was denied due process of law where the State failed to provide him with copies of statements made by their witnesses after such had been requested."

In a rather confused and multifarious argument made in support of this ground of error it is urged that the rule in Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467 (1962) was violated and that evidence was suppressed in violation of the Constitutional provisions interpreted in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This ground of error is concerned with the statement made by a State's witness Linda Fay Edwards.

The appellant claims that the prosecutor prior to trial said he did not have the written pretrial statements of any witnesses. This is based upon a colloquy which took place prior to trial.[1] A more correct inter-

---

1. "THE COURT: Now, on the Defendant's Motion for discovery, yesterday afternoon the State's lawyer and the Defense lawyer said that you'd get together on this motion before the jury was brought in. Item A, all written confessions signed by the Defendant.
 [DEFENSE COUNSEL]: We have that, Your Honor.

"THE COURT: Item B, all written memoranda of oral confessions made by the Defendant.
 "[PROSECUTOR]: Your Honor, the only oral statements I have was the different witnesses.
 "THE COURT: And it's not in writing?
 "[PROSECUTOR]: No, not in writing.

pretation of the colloquy would be that witnesses would testify concerning the appellant's oral confession but that the prosecutor did not have any written memoranda of an oral statement made by the appellant.[2]

When Linda Fay Edwards was cross-examined by appellant's counsel there was no attempt made to determine whether she had made a written statement for the investigating officers. Later during Officer Thomason's testimony this exchange took place:

"[PROSECUTOR]: Officer Thomason, did you take a statement from Linda Fay Edwards?

"THE WITNESS: Yes, sir.

"[PROSECUTOR]: All right. I want you to look at that and tell me whether or not that is the statement that you took from Linda Fay Edwards.

"THE WITNESS: Yes, sir. This is the statement.

"[DEFENSE COUNSEL]: Your Honor, could we have the benefit of seeing a copy of the statement at this time?

"[PROSECUTOR]: Under what rule, Your Honor?

"[DEFENSE COUNSEL]: For purposes of cross examination. You have shown it to him and he identified it.

"THE COURT: You can call for it on cross examination.

"[PROSECUTOR]: But not from this witness, Your Honor.

"THE COURT: And C, all property recovered as a result of a confession of the Defendant.
"[PROSECUTOR]: None of it was recovered because of the confession, but I have shown the property to them.
"[DEFENSE COUNSEL]: The recovery is not the result of any oral statement that was made?
"[PROSECUTOR]: No."

"THE COURT: No. This witness doesn't have anything to do with it."

The record reflects Officer Thomason merely identified the instrument presented to him as being a statement he took from the witness Edwards. It does not reflect that the officer used the statement made by Edwards to refresh his memory or that the statement was used before the jury for any other purpose so as to bring its contents into issue. See White v. State, 478 S.W.2d 506 (Tex.Cr.App.1972); Rose v. State, 427 S.W.2d 609 (Tex.Cr.App.1968) (concurring opinion of Onion, J.).

In Zanders v. State, 480 S.W.2d 708 (Tex.Cr.App.1972) the Court stated the so-called Gaskin Rule:

"Where a witness for the State has made a report or has given a statement prior to testifying, the defendant, after a timely and specific motion, is entitled to inspect and use such prior and available report or statement for cross examination and impeachment purposes, and this right obtains even though the witness has not used the instrument to refresh his memory."

On motion for rehearing in Gaskin v. State, supra, the Court noted:

"The rule applies *where demand is made after the witness has testified on direct examination* and is for the purpose of cross-examination and possibly impeachment purposes, whether the statement has been used by the witness before trial to refresh his memory or not." (Emphasis added.)

Accord: Gilbreath v. State, 500 S.W.2d 527 (Tex.Cr.App.1973); Leal v. State, 442

2. The portion of the appellant's motion for discovery being discussed reads:
"II.
"THE DEFENDANT SPECIFICALLY REQUESTS THE FOLLOWING ITEMS BE PRODUCED:
" '(a) . . . .
" '(b) All written memoranda of oral confessions made by Defendant.' "

S.W.2d 736 (Tex.Cr.App.1969); cf. Artell v. State, 372 S.W.2d 944 (Tex.Cr.App. 1963).

■ The statement was not made by Officer Thomason and it was not available to defense counsel for the purpose of using it to cross-examine the officer.

■ Linda Fay Edwards was not recalled for further cross-examination. If she had been and a request made to obtain her statement for the purpose of cross-examination it should have been and quite likely would have been granted. We perceive no violation of the rule laid down in Gaskin v. State, supra.

■ Since the statement is not included in the record we are unable to determine whether the appellant's contention that there was suppression of evidence and a violation of the constitutional principles enunciated in Brady v. Maryland, supra, is accurate.

We overrule appellant's first ground of error.

The contention is made in his second ground of error that appellant was harmed when the prosecutor indicated that death would be a proper punishment in the case. The prosecutor stated the following in his final argument:

"[PROSECUTOR]: We cannot give Willie Carraway the punishment that he deserves. The Supreme Court of the United States has gone on record that that is cruel and unusual—

"*  *  *  *

"  .  .  .  [Y]ou send a message out to Willie Jones Carraway and others like him. We are not going to stand for this in our county, because if you do we can't take your life away from you, the law doesn't allow that any more, but we're going to put you away for so long that you'll never see the light of day so long as you live."

The Court sustained objections to both arguments. Appellant failed to ask for an instruction to the jury, and his motion for mistrial was overruled each time.

■ Ordinarily, any injury from improper jury argument by a prosecutor is obviated when an objection thereto is sustained and the jury is instructed to disregard the argument, unless the remarks are so inflammatory that their prejudicial effect could not reasonably be removed by such an admonition. Hodge v. State, 488 S.W. 2d 779 (Tex.Cr.App.1972); Terry v. State, 481 S.W.2d 870 (Tex.Cr.App.1972). An instruction to disregard would have been adequate to remove any prejudicial effect of the argument complained of here. See Selvidge v. State, 171 Tex.Cr.R. 140, 345 S.W.2d 523 (1961); Blassingame v. State, 477 S.W.2d 600 (Tex.Cr.App.1972). This ground of error is overruled. Cf. McBride v. State, (Tex.Cr.App. No. 47,944 April 3, 1974) and Alford v. State, 505 S.W.2d 813 (Tex.Cr.App.1974).

■ Appellant complains finally that the trial court erred in failing to grant a mistrial when a witness, Linda Fay Edwards, made an unresponsive answer to the prosecutor's question:

"Q. And what did he tell you?

"A. I said, why do you need to rob the service station and he said he needed the money for his probation officer, or something like that—"

After an objection was sustained and the jury instructed to disregard the answer, the prosecutor continued, addressing the witness:

"[PROSECUTOR]: All right. Now, you just leave that second part about that probation out of it. We don't want to go into that—

"[DEFENSE COUNSEL]: Now, Your Honor, I object to that comment by Mr. Dominguez. This jury has been instructed to disregard it.

"THE COURT: You didn't have to mention that, Mr. Dominguez; go ahead and ask your question.

"[DEFENSE COUNSEL]: I again at this time reurge my motion for a mistrial.

"THE COURT: Overruled."

Appellant says that the witness' answer was prejudicial and involved an extraneous offense. At the time of trial there was no specific objection on the grounds now urged. We hold that the Court's sustaining the appellant's general objection and instructing the jury to disregard the answer were sufficient to safeguard appellant's rights. See McKinney v. State, 505 S.W.2d 536 (Tex.Cr.App.1974); Thompson v. State, 486 S.W.2d 343 (Tex.Cr.App. 1972); O'Dell v. State, 467 S.W.2d 444 (Tex.Cr.App.1971); see also Hopkins v. State, 480 S.W.2d 212 (Tex.Cr.App.1972). We overrule this contention also.

The judgment is affirmed.

Opinion approved by the Court.