Wesley Jaycee **BOREN**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–04–398–CR.

Court of Appeals of Texas, Fort Worth.

Dec. 15, 2005.

Thomas L. Allensworth, Wichita Falls, for Appellant.

Barry L. Macha, Criminal Dist. Atty., John W. Brasher and Mark H. Barber, Asst. Criminal Dist. Attys., Wichita Falls, for Appellee.

Panel F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

## MEMORANDUM OPINION[1]

PER CURIAM.

Wesley Jaycee Boren appeals his sentence for the offense of felon in possession of a firearm, as enhanced by two prior felony convictions. In a single issue, appellant asserts that the trial court erred by imposing a twenty-five year sentence because the sentence, as enhanced, is contrary to legislative intent. We affirm.

The felon in possession offense of which appellant was convicted is a third-degree felony.[2] If a person convicted of a felony offense other than a state jail felony has previously been finally convicted of two prior felony offenses, the minimum punishment the person can receive is twenty-five years.[3] State jail felonies cannot, however, be used to enhance non-state jail felonies.[4]

In this case, the enhancement paragraphs of the indictment alleged that appellant had been finally convicted of two prior felony offenses, credit card abuse in 1993 and forgery in 1992. Appellant pleaded true to these enhancement allega-

tions, and he concedes that these offenses were both punishable as third-degree felonies at the time of the prior convictions.[5]

In 1993, the legislature reclassified these offenses as state jail felonies, effective September 1, 1994.[6] Appellant claims that, in light of the reclassifications, the legislature could not have intended the prior convictions to be used in 2003 to enhance the punishment range for the felon in possession offense to a twenty-five year minimum. We disagree.

A savings provision accompanied the 1993 amendments and states as follows:

(a) The change in law made by this article applies only to an offense committed on or after the effective date of this article. For purposes of this section, an offense is committed before the effective date of this article if any element of the offense occurs before the effective date.

(b) An offense committed before the effective date of this article is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.[7]

This savings provision clearly evidences legislative intent that the 1993 amendments apply only to offenses committed on or after the effective date of the 1993 legislation, which was September 1, 1994.[8] Further, a prior felony conviction may be

1. *See* TEX. R. APP. P. 47.4.

2. TEX. PENAL CODE ANN. § 46.04(a), (e) (Vernon Supp.2005).

3. *Id.* § 12.42(d).

4. *Id.* § 12.42(e).

5. *See* Act of May 23, 1973, 63rd Leg., R.S., ch. 399, §§ 32.21(d), 32.31(d), 1973 Tex. Gen. Laws 883, 935–36 (amended 1991, 1993, 1997, 2003, 2005) (current version at TEX. PENAL CODE ANN. §§ 32.21(d), 32.31(d) (Vernon Supp.2005)).

6. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, secs. 32.21(d), 32.31(d), 1993 Tex. Gen. Laws 3586, 3643–44, 3766.

7. *Id.* § 1.18, 1993 Tex. Gen. Laws at 3705.

8. *See Kutzner v. State*, 75 S.W.3d 427, 433 (Tex.Crim.App.2002) (stating that we are to construe statute according to its plain textual meaning unless statute is ambiguous or construction would lead to absurd result that legislature could not possibly have intended).

used to enhance punishment for a separate offense, even if the offense that led to the prior conviction has been subsequently reclassified as a lesser category of offense.[9] "[T]he crucial factor in determining what may be used for enhancement is the fact that there has been a final felony conviction." [10]

Because appellant was finally convicted of two prior third-degree felony offenses before he was convicted of the felon in possession offense, the trial court did not err by assessing his punishment at twenty-five years. We overrule appellant's issue and affirm the trial court's judgment.

**9.** *See Alvarado v. State,* 596 S.W.2d 904, 906 (Tex.Crim.App. [Panel Op.] 1980); *Elkins v. State,* No. 2–04–00243–CR, 2005 WL 3082226, at *3 (Tex.App.—Fort Worth Nov. 17, 2005, no pet. h.) (mem.op.) (not designated for publication) (both holding enhance-

ment proper when prior felonies had been reclassified as misdemeanors).

**10.** *Ex parte Rice,* 629 S.W.2d 56, 58–59 (Tex. Crim.App.1982).