**Stacey KIRVEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–08–00064–CR.**

Court of Appeals of Texas, Waco.

May 13, 2009.

Stan Schwieger, Waco, for appellant.

Stacey Kirven, Beaumont, pro se.

Roy Defriend, Limestone County Dist. Atty., Groesbeck, for appellee.

Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.

## MEMORANDUM OPINION

FELIPE REYNA, Justice.

A jury convicted Stacey Kirven of aggravated robbery and kidnapping. The trial court sentenced Stacey to fifty years in prison for aggravated robbery and twenty years in prison for kidnapping. Stacey's appellate counsel filed an *Anders* brief presenting three potential issues: (1) the legal and factual sufficiency of the evidence; (2) trial error; and (3) jury charge error. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although informed of his right to do so, Stacey did not file a *pro se* brief. We affirm.

## STANDARD OF REVIEW

In an *Anders* case, we must, "after a full examination of all the proceedings, [ ] decide whether the case is wholly frivolous." *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400; *accord Stafford v. State,* 813 S.W.2d 503, 509–11 (Tex.Crim.App.1991); *Coronado v. State,* 996 S.W.2d 283, 285 (Tex.App.-Waco 1999, order) (per curiam), *disp. on merits,* 25 S.W.3d 806 (Tex.App.-Waco 2000, pet. ref'd). An appeal is "wholly frivolous" or "without merit" when

it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id.* at 436, 108 S.Ct. at 1901. An appeal based on "arguable grounds" is not wholly frivolous. *Stafford*, 813 S.W.2d at 511.

## LEGAL AND FACTUAL SUFFICIENCY

The first potential issue raised by counsel addresses the legal and factual sufficiency of the evidence.

### Aggravated Robbery

The offense of aggravated robbery is committed where (1) a person; (2) in the course of committing theft (3) with intent to obtain and maintain control of property (4) intentionally, knowingly, or recklessly (5) causes bodily injury to another and (6) uses or exhibits a deadly weapon. *See* TEX. PEN. CODE ANN. § 29.02(a)(1) (Vernon 2003); *see also* TEX. PEN. CODE ANN. § 29.03(a)(1), (2) (Vernon 2003).

### Course of Committing Theft Intent to Obtain and Maintain Control of Property

■ Kevin Kirven, Stacey's brother, testified that Stacey wanted to rob Thomas Robinson. Stacey beat Robinson and took money from Robinson. Stacey split the money with Kevin. The jury could reasonably conclude that Stacey acted while in the course of committing a theft with intent to maintain or obtain control over Robinson's property. *See* TEX. PEN. CODE ANN. § 31.03(a) (Vernon Supp. 2008) (theft); *see also* TEX. PEN. CODE ANN. § 29.01(1), (2) (Vernon 2003) (definition of "In the course of committing theft"); *White v. State*, 671 S.W.2d 40, 42 (Tex. Crim.App.1984) (explaining intent to obtain or maintain control of property).

### Bodily Injury

■ Emergency physician Dr. Michael Spohn testified that Robinson suffered from (1) nine broken ribs; (2) abrasions and lacerations to his head and body; (3) pneumothorax, a "potentially life-threatening" condition where air is trapped in the lungs as a result of lacerations to the lung pleura; (4) a dangerous blood pressure level; and (5) blood in the urine. Robinson testified that the beating was very painful. He still has trouble breathing and has a partially collapsed lung. The jury could reasonably conclude that Robinson suffered bodily injury. *See* TEX. PEN. CODE ANN. § 1.07(a)(8) (Vernon Supp. 2008) (defining "bodily injury").

### Deadly Weapon

■ The indictment alleged that the deadly weapon was a fence post or walking cane. Robinson and Kevin each testified that Stacey used both items to beat Robinson. Corporal William Rogers found a broken cane at the scene, but never located a fence post. Spohn, Rogers, and Detective Richard Hundley each testified that a walking cane or fence post could be a deadly weapon. The jury could reasonably conclude that the cane and fence post were *capable*, in their manner of use, of causing death or serious bodily injury. *See* TEX. PEN. CODE ANN. § 1.07(a)(17)(B) (Vernon Supp. 2008) (defining "deadly weapon"); *see also Tucker v. State*, 274 S.W.3d 688, 691–92 (Tex.Crim.App.2008); *Ashcraft v. State*, No. 03–07–00237–CR, 2008 WL 480704, at *3–4, 2008 Tex.App. LEXIS 1338, at *8–9 (Tex.App.-Austin Feb. 21, 2008, pet. ref'd) (not designated for publication).

### Kidnapping

■ A person commits kidnapping if he intentionally or knowingly abducts another

person. TEX. PEN. CODE ANN. § 20.03(a) (Vernon Supp. 2008). "Abduct" means to restrain a person with intent to prevent his liberation by secreting or holding him in a place where he is not likely to be found; or using or threatening to use deadly force.[1] TEX. PEN. CODE ANN. § 20.01(2)(A)-(B) (Vernon 2003). "Restrain" means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person. TEX. PEN. CODE ANN. § 20.01(1).

The record contains evidence that Robinson attempted to escape during the beating, but Stacey caught him. Stacey and Kevin bound Robinson with rope, placed him in his truck, and held him down. Stacey took possession of the truck. After the truck stopped running, Stacey threw the bound and beaten Robinson in a drainage ditch full of three to four feet of water. Although the ditch is near a highway, Rogers described the area as "kind of barren" and "fairly desolate." Although Robinson was only taken a tenth of a mile from where the beating occurred, Hundley believed that Stacey planned to either kill Robinson or at least place him in a location where he could not be found.

The jury could reasonably conclude that Stacey (1) forcibly restricted Robinson's liberty without his consent by beating him, binding him with rope, and confining him to his truck; and (2) intended to prevent Robinson's liberation by secreting him in a place where he was not likely to be found. *See* TEX. PEN. CODE ANN. § 20.01(2)(A)-(B); *see also Hines v. State*, 75 S.W.3d 444, 447 (Tex.Crim.App.2002); *Megas v. State*, 68 S.W.3d 234, 240–41 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd); *Price v. State*, 35 S.W.3d 136, 140–41 (Tex.App.-Waco 2000, pet. ref'd).

### Summary

Viewing all the evidence in the light most favorable to the verdict, the jury could reasonably conclude, beyond a reasonable doubt, that Stacey committed the offenses of aggravated robbery and kidnapping. *See Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App.2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). The proof of guilt is not so weak nor the conflicting evidence so strong as to render the jury's verdict clearly wrong or manifestly unjust. *Watson v. State*, 204 S.W.3d 404, 414–15 (Tex.Crim.App.2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000).

### TRIAL ERROR

█ We first note that any errors committed during voir dire have not been preserved. The record does not establish that Stacey exercised his peremptory challenges on any venire member whom the trial court failed to excuse for cause. *See Johnson v. State*, 43 S.W.3d 1, 5–6 (Tex. Crim.App.2001). Nor does the record contain any other objections by the defense. *See* TEX. R. APP. P. 33.1.

We next note that no appealable errors arise from trial on the merits. The State agreed to withdraw two photographs to which the defense objected. The trial court sustained several of the defense's objections, but the defense requested no instruction to disregard. *See Wilson v. State*, 179 S.W.3d 240, 256 (Tex.App.-Texarkana 2005, no pet.) (citing *Nethery v. State*, 692 S.W.2d 686, 701 (Tex.Crim.App. 1985)).

---

1. The indictment alleged aggravated kidnapping, but the jury found Stacey guilty of the lesser included offense of kidnapping.

 The trial court properly overruled Stacey's objection to Hundley's testimony that he believed Robinson would be killed or at least taken to a place where he would not be found. *See* Tex. R. Evid. 701; *see also Cortez v. State*, No. 02–05–00147–CR, 2006 WL 1563275, at \*9–10, 2006 Tex. App. LEXIS 4998, at \*24–27 (Tex.App.-Fort Worth June 8, 2006, pet. ref'd) (not designated for publication). The trial court also properly overruled Stacey's objection that Spohn's understanding of the legal definition of a deadly weapon called for a legal conclusion. *See Whittington v. State*, 781 S.W.2d 338, 341 (Tex.App.-Houston [14th Dist.] 1989, pet. ref'd); *see also Berry v. State*, No. 05–03–00441–CR, 2004 WL 225556, at \*3–4, 2004 Tex.App. LEXIS 1174, at \*9 (Tex.App.-Dallas Feb. 6, 2004, no pet.) (not designated for publication).

## JURY CHARGE ERROR

 When reviewing a jury charge, we first examine the charge for error. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim.App.2005) (citing *Middleton v. State*, 125 S.W.3d 450, 453 (Tex.Crim.App.2003)). If error occurred, we then decide whether the error caused harm. *See id.* When, as here, an appellant fails to object to the charge at trial, he must show egregious harm to prevail on appeal. *See id.* at 743–44; *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985). "Errors that result in egregious harm are those that affect 'the very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *Ngo*, 175 S.W.3d at 743 (quoting *Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim.App.1996)). To determine whether "error was so egregious that a defendant was denied a fair and impartial trial," we examine: (1) the entire jury charge; (2) the state of the evidence; (3) the arguments of counsel; and (4) any other relevant information in the record." *Id.* at 750 n. 48; *Almanza*, 686 S.W.2d at 171.

 The trial court omitted an application paragraph on law of the parties after including such law in the abstract portion of the jury charge. This constitutes error. *See Campbell v. State*, 910 S.W.2d 475, 477 (Tex.Crim.App.1995). However, because the evidence supports Stacey's conviction as the principal actor, he did not suffer egregious harm from the trial court's error. *See Ladd v. State*, 3 S.W.3d 547, 564–65 (Tex.Crim.App.1999); *see also Cadena v. State*, No. 13–03–00485–CR, 2004 WL 5412654, at \*2, 2004 Tex. App. LEXIS 6842, at \*5–6 (Tex.App.-Corpus Christi July 29, 2004, no pet.) (not designated for publication); *Davis v. State*, No. 05–06–00527–CR, 2007 WL 1696214, at \*2–3, 2007 Tex.App. LEXIS 4577, at \*6–7 (Tex.App.-Dallas June 13, 2007, no pet.) (not designated for publication).

## INDEPENDENT REVIEW

Having conducted an independent review of the record, we find this appeal to be wholly frivolous. We affirm the judgment.

Counsel's request that he be allowed to withdraw from representation of Stacey is granted. Counsel has already notified Stacey of his right to file a *pro se* petition for discretionary review as part of his "educational burdens" he satisfied when filing his *Anders* brief. The Court of Criminal Appeals has validated this method of notification used by counsel. *See In re Schulman*, 252 S.W.3d 403, 412 n. 34 (Tex.Crim. App.2008); *see also Meza v. State*, 206 S.W.3d 684, 689 n. 23 (Tex.Crim.App.2006). Nevertheless, pursuant to Rule of Appellate Procedure 48.4, counsel must: (1) send Stacey a copy of our decision; (2) notify Stacey of his right to file a *pro se* petition for discretionary review; and (3)

provide "a letter [to this Court] certifying his compliance with this rule." *See* TEX. R. APP. P. 48.4; *see also Meza v. State*, 206 S.W.3d 684, 689 n. 23 (Tex.Crim.App.2006); *Schulman*, 252 S.W.3d at 409 n. 22.

TOM GRAY, Chief Justice, concurring.

This is an *Anders* appeal. The brief in support of counsel's motion to withdraw is only 13 pages. It is well done and is more than adequate to allow the Court to perform the analysis to reach the conclusion we are required to reach in a proper *Anders* appeal; that counsel has performed a professional evaluation of this record and concluded there are no issues of arguable merit.

Where the Court errs in its 15 page opinion is in reviewing the merits of each of the "arguable issues of law" identified by appointed counsel, each of which is determined by appointed counsel to be wholly frivolous and without arguable merit. It is not our duty to review the merits of those issues. *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex.Crim.App.2005) ("Only after the issues have been briefed *by new counsel* may the court of appeals address the merits of the issues raised." (Emphasis added.)). Rather, our duty is to conduct an independent review of the entire record, without limiting our review to only those areas discussed by counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim.App.1991); *Villanueva v. State*, 209 S.W.3d 239, 249 (Tex.App.-Waco 2006, no pet.)(Gray, C.J., concurring); *accord Garner v. State*, No 10–05–00218–CR, 2007 WL 1558742, at *7–8, 2007 Tex.App. LEXIS 4246, *17–19 (Tex.App.-Waco May 30, 2007, pet. granted)(Gray, C.J., dissenting). In fact, by spending an excessive amount of time and focusing on those areas, we deprive the defendant of the fundamental protection of the *Anders* procedure of con-ducting an independent review of the entire record.

I propose that the following is a proper balance in an opinion wherein we conclude the attorney has conducted the professional evaluation of the record and we have conducted our independent examination.

A jury convicted Stacey Kirven of aggravated robbery and kidnapping. *See* TEX. PENAL CODE ANN. §§ 29.03 and 20.03 (Vernon 2003). The trial court sentenced Kirven to fifty years in prison for aggravated robbery and twenty years in prison for kidnapping. Kirven's appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Counsel informed Kirven of the right to file a brief, but Kirven did not file one. Because of Kirven's inaction, the State was not obligated to file a response. *See Wilson v. State*, 955 S.W.2d 693, 697 (Tex.App.-Waco 1997, order). Counsel's brief reviews the legal and factual sufficiency of the evidence, potential error during voir dire, potential error during the trial on the merits, and potential jury charge error. Counsel concludes that the appeal is frivolous.

Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders* at 744 [87 S.Ct. 1396]; *High v. State*, 573 S.W.2d 807, 812 (Tex.Crim. App.1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex.Crim.App.2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders* at 744 [87 S.Ct. 1396]; *accord Stafford v. State*, 813 S.W.2d 503, 509–11 (Tex.Crim.App. 1991); *Coronado v. State*, 996 S.W.2d 283, 285 (Tex.App.-Waco 1999, order) (per curiam), *disp. on merits*, 25 S.W.3d 806 (Tex.App.-Waco 2000, pet. ref'd).

An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals,* 486 U.S. 429, 439 n. 10 [108 S.Ct. 1895, 100 L.Ed.2d 440] (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id.* at 436 [108 S.Ct. 1895]. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford* at 511.

After a review of the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State,* 178 S.W.3d 824, 826–27 (Tex. Crim.App.2005). Accordingly, we affirm the trial court's judgment.

Counsel's request that he be allowed to withdraw from representation of Kirven is granted. Counsel has already notified Kirven of his right to file a pro se petition for discretionary review as part of his "educational burdens" he satisfied when filing his *Anders* brief. Further, the Court of Criminal Appeals has validated the method of notification used by counsel. *See In re Schulman,* 252 S.W.3d 403, 412 n. 34 (Tex.Crim.App. 2008); *Meza v. State,* 206 S.W.3d 684, 689 n. 23 (Tex.Crim.App.2006); *Ex parte Owens,* 206 S.W.3d 670, 674 n. 28 (Tex. Crim.App.2006). However, pursuant to the Rules of Appellate Procedure, counsel must, nevertheless, send Kirven a copy of our decision and notify Kirven of his right to file a *pro se* petition for discretionary review. TEX. R. APP. P. 48.4; *see In re Schulman,* 252 S.W.3d 403, 409 n. 22 (Tex.Crim.App.2008).

#### CONCLUSION

I cannot join the majority opinion. I concur in the Court's judgment only to the extent it affirms the trial court's judgment and grants counsel's motion to withdraw.