

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00315-CR

**HOWARD JOHNSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 06-04179-CRF-85

## MEMORANDUM  OPINION

A jury convicted Howard Johnson of possession of a controlled substance and sentenced him to eight years in prison. Johnson's appellate counsel filed an *Anders* brief presenting one potential issue. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Johnson also filed a *pro se* brief and supplemental brief raising more than twenty arguments, which we have divided into nine issues discussed below. The State did not file a brief. We affirm.

## STANDARD OF REVIEW

In an *Anders* case, we must, "after a full examination of all the proceedings, []
decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400;
*accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); *Coronado v. State*,
996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), *disp. on merits*, 25
S.W.3d 806 (Tex. App.—Waco 2000, pet. ref'd). An appeal is "wholly frivolous" or
"without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486
U.S. 429, 439 n.10, 108 S. Ct. 1895, 1902, 100 L. Ed. 2d 440 (1988). Arguments are
frivolous if they "cannot conceivably persuade the court." *Id*. at 426, 108 S. Ct. at 1901.
An appeal is not frivolous if based on "arguable grounds." *Stafford,* 813 S.W.2d at 511.

## AMENDMENT OF THE INDICTMENT

Enhancement paragraph one alleged that Johnson was convicted of
"Man/Del/possession" of a controlled substance. At punishment, the trial court
allowed the State to abandon the manufacture/delivery portion of the paragraph as
surplusage. Johnson's objections to the amendment were overruled.

An indictment may not be amended over the defendant's objection as to form or
substance if the amended indictment charges the defendant with an additional or
different offense or if the substantial rights of the defendant are prejudiced. TEX. CODE
CRIM. PROC. ANN. art. 28.10(c) (Vernon 2006). Abandonment is appropriate when it: (1)
abandons one or more alternative means of committing the offense; (2) reduces the
charged offense to a lesser included offense; or (3) eliminates surplusage. *See Eastep v.*
*State*, 941 S.W.2d 130, 135 (Tex. Crim. App. 1997), *overruled on other grounds by Riney v.*

*State*, 28 S.W.3d 561 (Tex. Crim. App. 2000); *see also Hardie v. State*, 79 S.W.3d 625, 632 n.1 (Tex. App.—Waco 2002, pet. ref'd).

Because enhancement paragraphs are unessential to the indictment's validity, the State could abandon the language as surplusage. *See Johnson v. State*, 214 S.W.3d 157, 158-59 (Tex. App.—Amarillo 2007, no pet.); *see also Stautzenberger v. State*, 232 S.W.3d 323, 328 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Moreover, removal of the language was a mere abandonment of alternative means for proving the prior conviction. *See Adams v. State*, 642 S.W.2d 211, 213 (Tex. App.—Houston [14th Dist.] 1982, no writ). The amendment did not charge Johnson with an additional or different offense or prejudice his substantial rights. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10(c).

## LEGAL AND FACTUAL SUFFICIENCY

Johnson contends that the evidence is legally and factually insufficient to support his conviction. We disagree.

Several facts establish the legal and factual sufficiency of the evidence to support Johnson's conviction for possession of cocaine. He was the driver and owner of the vehicle in which the cocaine was found. He was seen making gestures suggesting the disposal of contraband. The cocaine was found in the area where he was seated and was positioned such that it actually had to be placed, not thrown, in that area. Other contraband was found in the vehicle and Johnson was in possession of a large amount of cash. He also lied about having no prior drug convictions. Although another passenger, Cynthia Wallace, purportedly "confessed" to owning the cocaine, Officer Matthew Ford did not observe Wallace making any questionable movements in the

vehicle, Wallace was not seated in the area where the cocaine was found, and Officer Ford testified that he did not believe that the cocaine could have been tossed into the confined space where it was found. *See Poindexter v. State,* 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005); *see also Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006).

As the sole judge of the weight and credibility of the evidence, the jury bore the burden of accepting or rejecting Johnson's version of the events. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). In doing so, it could reasonably conclude that Johnson was in possession of the cocaine recovered from the vehicle. Viewing all the evidence in the light most favorable to the verdict, the jury could reasonably conclude, beyond a reasonable doubt, that Johnson committed the offense of possession of a controlled substance. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). The proof of guilt is not so weak nor the conflicting evidence so strong as to render the jury's verdict clearly wrong and manifestly unjust. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

## JURY CHARGE

Johnson contends that he was entitled to a jury instruction on the time/proximity defense because he was seated in the back of the patrol car when Ford discovered the cocaine and Wallace confessed to owning the cocaine.

"A defendant is entitled to an instruction on [a defensive issue] if the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense." *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001); *Kelly v. State*, 195

S.W.3d 753, 756 (Tex. App.—Waco 2006, pet. ref'd). However, "a defensive instruction is not required when the issue in question is not a statutorily-enumerated defense and merely serves to negate elements of the State's case." *Ortiz v. State*, 93 S.W.3d 79, 92 (Tex. Crim. App. 2002), *cert. denied*, 538 U.S. 998, 123 S. Ct. 1901, 155 L. Ed. 2d 824 (2003); *Moore v. State*, 143 S.W.3d 305, 315-16 (Tex. App.—Waco 2004, pet. ref'd). The defense Johnson claims entitlement to does not implicate statutory or affirmative defenses, but merely serves to negate the control, management, or care element of possession. No instruction was required. *See Ortiz*, 93 S.W.3d at 92; *see also Moore*, 143 S.W.3d at 315-16.

## EXPERT TESTIMONY

Johnson argues that the trial court abused its discretion by allowing Officer Billy Couch to testify as an expert because (1) Couch was designated shortly before trial; and (2) the trial court limited Couch's testimony to "purchasing," but Couch testified to "trafficking" when he explained why a person purchasing narcotics has money accessible and when a user carries paraphernalia on his person. Johnson filed a *pro se* motion for notice of expert witnesses, which trial counsel adopted, but the record does not indicate that disclosure was ever ordered. *See Tamez v. State*, 205 S.W.3d 32, 39-40 (Tex. App.—Tyler 2006, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 39.14(b) (Vernon Supp. 2008). Neither did Johnson object to Couch's testimony. Under these circumstances, the complaint is not preserved for appellate review. *See* TEX. R. APP. P. 33.1; *see also Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Tamez*, 205 S.W.3d at 40.

## EXCLUSION OF THE CONFESSION

Johnson complains that a sworn confession was excluded. Wallace's notarized letter confession, however, was admitted into evidence and read aloud to the jury during the State's cross-examination of Johnson. This complaint presents nothing for our review. *See Webb v. State*, No. 12-07-00315-CR, 2008 Tex. App. LEXIS 5718, at *5 (Tex. App.—Tyler July 31, 2008, pet. ref'd) (not designated for publication).

## COMPULSORY ATTENDANCE OF WITNESSES

Johnson argues that he was denied the right to compulsory attendance of witnesses because the trial court failed to rule on his original and amended *pro se* motions to subpoena Wallace and another witness. Because Johnson was represented by counsel, the trial court was not required to entertain these motions. *See Robinson v. State,* 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).

## DUE PROCESS

Johnson maintains that the investigation by police and the district attorney's office violated due process, as indicated by a police report that the State delayed disclosing in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). This report is not in the record; thus, we cannot determine whether a *Brady* violation occurred. *See Carraway v. State*, 507 S.W.2d 761, 764 (Tex. Crim. App. 1974).

Johnson further argues that his continued detention violated due process in light of the police report and Wallace's confession. However, several affirmative links connect Johnson to the cocaine and the record indicates that Wallace could not be located; there is no indication in the record that the investigation was unfairly focused

on Johnson. *See Harris v. State*, No. 06-05-00031-CR, 2005 Tex. App. LEXIS 7558, at *5 (Tex. App.—Texarkana Sept. 14, 2005, no pet.) (not designated for publication).

## ILLEGAL SENTENCE

Johnson contends that his sentence is illegal because of two enhancement paragraphs. He argues that paragraph one is improper because it involved an offense that occurred before September 1, 1994. Paragraph one alleged that Johnson was convicted of manufacture/delivery/possession of a controlled substance in an amount of 4-200 grams. Because the State abandoned the manufacture/delivery portion of the enhancement, we are concerned with possession. Both at the time of the offense and now, possession of a controlled substance in an amount of 4-200 grams is a felony. *See* Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2936-37 (amended 1993) (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Vernon 2003)). It could be used for enhancement. *See* TEX. PEN. CODE ANN. § 12.42(a)(2) (Vernon Supp. 2008) ("If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies…on conviction the defendant shall be punished for a second-degree felony."); *see also* TEX. PEN. CODE ANN. § 12.33 (Vernon 2003) (A second degree felony is punishable by 2 to 20 years imprisonment and a fine not to exceed $10,000); *Boren v. State*, 182 S.W.3d 422, 424 (Tex. App.—Fort Worth 2005, pet. ref'd).

Johnson further contends that paragraph one is improper because the State failed to prove the amount of the controlled substance. However, the State introduced the penitentiary packet into evidence at guilt-innocence. At punishment, the State moved

to reintroduce all evidence admitted at guilt-innocence. The pen packet could be used to prove the prior conviction and the State was "not required to prove the defendant guilty of each element of the prior convictions alleged; since that has already been done at previous trials." *Reynolds v. State*, 227 S.W.3d 355, 360-61 (Tex. App.—Texarkana 2007, no pet.); *see Flowers v. State*, 220 S.W.3d 919, 921-22 (Tex. Crim. App. 2007).

As for paragraph two, Johnson pleaded "true" to the second enhancement paragraph and the record does not affirmatively reflect that the enhancement is improper; thus, he is estopped from challenging the use of that conviction to enhance his sentence.[1] *See Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006).

In summary, the enhancement paragraphs were properly used and Johnson's sentence is not illegal.

## UNPRESERVED COMPLAINTS

Johnson has raised other complaints addressing the granting of the State's motion in limine, defects in the enhancement paragraphs, improper jury argument, and admission of his 1993 and 1997 convictions for possession of cocaine, a 1989 conviction, cigar guts, driving while license suspended offense, and county jail offenses. However, Johnson has failed to preserve these issues for appellate review by neglecting to object

---

[1]    Johnson argues that the enhancement paragraph listed an incorrect 1999 date instead of the correct 1997 date. However, the correct date is included in the penitentiary packet admitted into evidence. *See Reese v. State*, 905 S.W.2d 631, 635 (Tex. App.—Texarkana 1995, pet. ref'd) ("[V]ariance between [] indictment and [] proof was not material or fatal in light of the otherwise precise correlation between the pen packet and the identifying information stated within the indictment."); *see also Guerra v. State*, No. 04-06-00245-CR, 2007 Tex. App. LEXIS 1955, at *13-14 (Tex. App.—San Antonio Mar. 14, 2007, pet. ref'd) (not designated for publication) (Because "penitentiary packets with the correct cause numbers were admitted into evidence during the punishment phase," and Guerra did not "allege that the variances between the cause numbers in the enhancement allegations and those read at the punishment phase surprised him to his prejudice, the variances are not material and do not require reversal.").

when testimony or evidence regarding these matters was admitted or an objection was otherwise required. *See* TEX. R. APP. P. 33.1.

## INEFFECTIVE ASSISTANCE

To prove ineffective assistance of trial counsel, an appellant must show that: (1) counsel's performance was deficient; and (2) the defense was prejudiced by counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *see also Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003).

Johnson alleges several failures by trial counsel. He filed a *pro se* motion for new trial alleging ineffective assistance, but no hearing was held on the motion. The record is silent as to any reasons explaining trial counsel's actions and we will not so speculate. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Absent a record revealing trial counsel's strategy or motivation, Johnson has not defeated the strong presumption that trial counsel's actions fell within the wide range of reasonable professional assistance. *See id*. His ineffective assistance claim is better raised through an application for a writ of habeas corpus. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

To prove ineffective assistance of appellate counsel, Johnson must show that: (1) counsel's performance was deficient; and (2) there is a reasonable probability he "would have prevailed on appeal" but for counsel's deficient performance. *Ex parte Santana*, 227 S.W.3d 700, 704-05 (Tex. Crim. App. 2007). Johnson cannot meet this standard. Our review of the trial record does not suggest that there is any reasonable probability that

Johnson "would have prevailed on appeal" if counsel had presented some of the issues he discusses in his *pro se* response. *See id.*

## INDEPENDENT REVIEW

Having conducted an independent review of the record, we find this appeal to be wholly frivolous. We affirm the judgment. Pursuant to Rule of Appellate Procedure 48.4, counsel must send Johnson a copy of our decision by certified mail, return receipt requested, at Johnson's last known address. TEX. R. APP. P. 48.4. Counsel must also notify Johnson of his right to file a *pro se* petition for discretionary review. *Id.*; *see also Ex parte Owens*, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006); *Villanueva v. State*, 209 S.W.3d 239, 249 (Tex. App.—Waco 2006, no pet.). We grant counsel's motion to withdraw, effective upon counsel's compliance with the aforementioned notification requirement as evidenced by "a letter [to this Court] certifying his compliance." *See* TEX. R. APP. P. 48.4.


FELIPE REYNA
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
      (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed July 8, 2009
Do not publish
[CR25]

*     (Chief Justice Gray joins no part of the opinion. A separate opinion will not follow. He notes, however, that for the reasons expressed in his concurring opinion in

*Kirven v. State*, No. 10-08-00064-CR, 2009 Tex. App. LEXIS 3338, at *10-14 (Tex. App.—Waco May 13, 2009, no pet.) (not designated for publication) (Gray, C.J., concurring), his dissenting opinion in *Garner v. State*, No. 10-05-00218-CR, 2007 Tex. App. LEXIS 4246, at *17-20 (Tex. App.—Waco May 30, 2007, pet. ref'd) (not designated for publication) (Gray, C.J., dissenting), and his concurring opinion in *Villanueva v. State*, 209 S.W.3d 239, 249-252 (Tex. App.—Waco 2006, no pet.) (Gray, C.J., concurring), he joins only the judgment affirming the trial court's judgment.)