IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00315-CR

 

Howard Johnson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 85th District
Court

Brazos County, Texas

Trial Court No. 06-04179-CRF-85

 



MEMORANDUM  Opinion



 








A jury
convicted Howard Johnson of possession of a controlled substance and sentenced him
to eight years in prison.  Johnson’s appellate counsel filed an Anders
brief presenting
one potential issue.  See Anders
v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  Johnson also
filed a pro se brief and supplemental brief raising more than twenty
arguments, which we have divided into nine issues discussed below.  The State did not file a brief.  We affirm.

 

STANDARD OF REVIEW

In an Anders case, we must, “after a full examination of
all the proceedings, [] decide whether the case is wholly frivolous.”  Anders, 386 U.S. at 744, 87 S. Ct. at 1400;
accord Stafford v. State, 813 S.W.2d 503, 509-11 (Tex.
Crim. App. 1991); Coronado v. State, 996 S.W.2d 283, 285 (Tex. App.—Waco
1999, order) (per curiam), disp. on merits, 25 S.W.3d 806 (Tex. App.—Waco
2000, pet. ref’d).  An appeal is “wholly frivolous” or “without
merit” when it “lacks any basis in law or fact.”  McCoy v. Court of Appeals, 486 U.S. 429, 439 n.10, 108 S.
Ct. 1895, 1902, 100 L. Ed. 2d 440 (1988).  Arguments are frivolous if
they “cannot conceivably persuade the court.”  Id. at 426, 108 S. Ct. at 1901.  An appeal is not frivolous if based on “arguable grounds.”  Stafford,
813 S.W.2d at 511.

AMENDMENT
OF THE INDICTMENT

Enhancement paragraph one alleged that
Johnson was convicted of “Man/Del/possession” of a controlled substance.  At
punishment, the trial court allowed the State to abandon the
manufacture/delivery portion of the paragraph as surplusage.  Johnson’s
objections to the amendment were overruled.

An indictment may not be amended over
the defendant’s objection as to form or substance if the amended indictment
charges the defendant with an additional or different offense or if the substantial
rights of the defendant are prejudiced.  Tex.
Code Crim. Proc. Ann. art. 28.10(c) (Vernon 2006). 
Abandonment is appropriate
when it: (1) abandons one or more alternative means of committing the offense;
(2) reduces the charged offense to a lesser included offense; or (3) eliminates
surplusage.  See Eastep v. State, 941 S.W.2d 130, 135 (Tex. Crim.
App. 1997), overruled on other grounds by Riney v. State, 28 S.W.3d 561 (Tex. Crim. App.
2000); see also Hardie v. State, 79 S.W.3d 625, 632 n.1 (Tex.
App.—Waco 2002, pet. ref’d).

Because enhancement paragraphs are
unessential to the indictment’s validity, the State could abandon the language
as surplusage.  See Johnson
v. State, 214 S.W.3d
157, 158-59 (Tex. App.—Amarillo 2007, no pet.); see also Stautzenberger v. State, 232 S.W.3d 323, 328 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  Moreover, removal of the language was a mere
abandonment of alternative means for proving the prior conviction.  See Adams
v. State, 642 S.W.2d 211, 213 (Tex. App.—Houston [14th Dist.] 1982, no writ).  The amendment did not charge Johnson
with an additional or different offense or prejudice his substantial rights.  See
Tex. Code Crim. Proc. Ann.
art. 28.10(c).

LEGAL AND FACTUAL SUFFICIENCY

Johnson contends that the evidence is
legally and factually insufficient to support his conviction.  We disagree.

Several facts establish the legal and
factual sufficiency of the evidence to support Johnson’s conviction for possession of cocaine.
 He was the driver and owner of the vehicle in which the cocaine was found.  He
was seen making gestures suggesting the disposal of contraband.  The cocaine
was found in the area where he was seated and was positioned such that it
actually had to be placed, not thrown, in that area.  Other contraband was found
in the vehicle and Johnson was in possession of a large amount of cash.  He
also lied about having no prior drug convictions.  Although another passenger,
Cynthia Wallace, purportedly “confessed” to owning the cocaine, Officer Matthew
Ford did not observe Wallace making any questionable movements in the vehicle, Wallace
was not seated in the area where the cocaine was found, and Officer Ford testified
that he did not believe that the cocaine could have been tossed into the confined
space where it was found.  See Poindexter v. State, 153 S.W.3d 402, 405-06 (Tex. Crim.
App. 2005); see also Evans v. State, 202 S.W.3d 158,
162 n.12 (Tex. Crim. App. 2006).  

As the sole
judge of the weight and credibility of the evidence, the jury bore the burden
of accepting or rejecting Johnson’s version of the events.  See Lancon v. State, 253 S.W.3d 699, 707 (Tex. Crim.
App. 2008).  In doing so, it could reasonably conclude that Johnson
was in possession of the cocaine recovered from the vehicle.  Viewing
all the evidence in the light most favorable to the verdict, the jury
could reasonably conclude, beyond a reasonable doubt, that Johnson committed
the offense of possession of a controlled substance.  Curry
v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000).  The proof of guilt is not
so weak nor the conflicting evidence so strong as to render the jury’s verdict
clearly wrong and manifestly unjust.  Watson v. State, 204 S.W.3d 404, 414-15 (Tex.
Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).

JURY
CHARGE

            Johnson contends
that he was entitled to a jury instruction on the time/proximity defense because he was seated in the back of
the patrol car when Ford discovered the cocaine and Wallace confessed to owning
the cocaine.

“A defendant is entitled to an
instruction on [a defensive issue] if the issue is raised by the evidence,
whether that evidence is strong or weak, unimpeached or contradicted, and
regardless of what the trial court may think about the credibility of the
defense.”  Ferrel v. State, 55 S.W.3d 586, 591 (Tex. Crim.
App. 2001); Kelly
v. State, 195 S.W.3d
753, 756 (Tex. App.—Waco 2006, pet. ref’d).  However, “a defensive instruction is not required when the issue in
question is not a statutorily-enumerated defense and merely serves to negate elements of
the State’s case.”  Ortiz v. State, 93 S.W.3d 79, 92 (Tex. Crim.
App. 2002), cert. denied, 538 U.S. 998, 123 S. Ct. 1901,
155 L. Ed. 2d 824 (2003); Moore v. State,
143 S.W.3d 305, 315-16 (Tex. App.—Waco 2004, pet. ref’d).  The defense Johnson claims
entitlement to does not implicate statutory or affirmative defenses, but merely
serves to negate the control, management, or care element of possession.  No
instruction was required.  See Ortiz, 93 S.W.3d at 92; see also
Moore, 143 S.W.3d at 315-16.  

EXPERT TESTIMONY

Johnson argues that the trial court
abused its discretion by allowing Officer Billy Couch to testify as an expert because
(1) Couch was designated shortly before trial; and (2) the trial court limited
Couch’s testimony to “purchasing,” but Couch testified to “trafficking” when he
explained why a person purchasing narcotics has money accessible and when a
user carries paraphernalia on his person.  Johnson filed a pro se motion for notice of expert
witnesses, which trial counsel adopted, but the record does not indicate that
disclosure was ever ordered.  See Tamez v. State,
205 S.W.3d 32, 39-40 (Tex. App.—Tyler 2006, no pet.); see also Tex. Code Crim. Proc. Ann. art. 39.14(b)
(Vernon Supp. 2008).  Neither did Johnson object to Couch’s testimony.  Under
these circumstances, the
complaint is not preserved for appellate review.  See Tex. R.
App. P. 33.1;
see also Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim.
App. 2003); Tamez, 205 S.W.3d at 40.

 

EXCLUSION OF THE CONFESSION

            Johnson complains that a
sworn confession was excluded.  Wallace’s notarized letter confession, however,
was admitted into evidence and read aloud to the jury during the State’s
cross-examination of Johnson.  This complaint presents nothing for our review. 
See Webb v. State, No.
12-07-00315-CR, 2008 Tex.
App. LEXIS 5718, at *5 (Tex. App.—Tyler July 31, 2008, pet. ref’d)
(not designated for publication).

COMPULSORY ATTENDANCE OF WITNESSES

            Johnson argues that he was
denied the right to compulsory attendance of witnesses because the trial court
failed to rule on his original and amended pro se motions to subpoena Wallace
and another witness.  Because Johnson was represented by counsel, the trial
court was not required to entertain these motions.  See Robinson v. State, 240 S.W.3d 919, 922 (Tex. Crim.
App. 2007).

DUE PROCESS

            Johnson maintains that the
investigation by police and the district attorney’s office violated due
process, as indicated by a police report that the State delayed disclosing in
violation of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10
L. Ed. 2d 215 (1963).  This
report is not in the record; thus, we cannot determine whether a Brady
violation occurred.  See Carraway
v. State, 507 S.W.2d
761, 764 (Tex. Crim. App. 1974). 


Johnson further argues that his
continued detention violated due process in light of the police report and
Wallace’s confession.  However, several affirmative links connect Johnson to
the cocaine and the record indicates that Wallace could not be located; there
is no indication in the record that the investigation was unfairly focused on
Johnson.  See Harris v. State, No.
06-05-00031-CR, 2005 Tex. App. LEXIS 7558, at *5 (Tex. App.—Texarkana Sept. 14, 2005, no pet.) (not
designated for publication).

ILLEGAL SENTENCE

            Johnson contends that his
sentence is illegal because of two enhancement paragraphs.  He argues that
paragraph one is improper because it involved an offense that occurred before September
1, 1994.  Paragraph one alleged that Johnson was convicted of manufacture/delivery/possession
of a controlled substance in an amount of 4-200 grams.  Because the State
abandoned the manufacture/delivery portion of the enhancement, we are concerned
with possession.  Both at the time of the offense and now, possession of a controlled
substance in an amount of 4-200 grams is a felony.  See Act of May 18,
1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2936-37 (amended
1993) (current version at Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003)).  It could be
used for enhancement.  See Tex. Pen. Code Ann. § 12.42(a)(2)  (Vernon Supp. 2008) (“If it is shown on the trial of a state
jail felony punishable under Section 12.35(a) that the defendant has previously
been finally convicted of two felonies…on conviction the defendant shall be
punished for a second-degree felony.”); see also Tex. Pen. Code
Ann. § 12.33 (Vernon
2003) (A second degree felony is punishable by 2 to 20 years imprisonment and a fine not to exceed $10,000); Boren v. State, 182 S.W.3d 422, 424 (Tex. App.—Fort
Worth 2005, pet. ref’d). 

            Johnson further contends that paragraph
one is improper because the State failed to prove the amount of the controlled
substance.  However, the
State introduced the penitentiary packet into evidence at guilt-innocence.  At punishment, the State moved to
reintroduce all evidence admitted at guilt-innocence.  The pen packet could be
used to prove the prior conviction and the
State was “not required to prove the defendant guilty of each element of the
prior convictions alleged; since that has already been done at previous
trials.”  Reynolds v.
State, 227 S.W.3d 355, 360-61 (Tex. App.—Texarkana 2007, no pet.); see
Flowers v. State, 220 S.W.3d 919, 921-22 (Tex. Crim. App. 2007).

As for paragraph two, Johnson pleaded
“true” to the second enhancement paragraph and the record does not affirmatively
reflect that the enhancement is improper; thus, he is estopped from challenging
the use of that conviction to enhance his sentence.[1] 
See Ex parte Rich, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006).

In summary, the enhancement paragraphs
were properly used and Johnson’s sentence is not illegal.

UNPRESERVED COMPLAINTS

            Johnson has raised other
complaints addressing the granting of the State’s motion in limine, defects in
the enhancement paragraphs, improper jury argument, and admission of his 1993
and 1997 convictions for possession of cocaine, a 1989 conviction, cigar guts,
driving while license suspended offense, and county jail offenses.  However,
Johnson has failed to preserve these issues for appellate review by neglecting
to object when testimony or evidence regarding these matters was admitted or an
objection was otherwise required.  See Tex. R.
App. P. 33.1.

INEFFECTIVE ASSISTANCE

            To prove ineffective assistance of trial counsel, an appellant
must show that: (1) counsel’s performance was deficient; and (2)
the defense was prejudiced by counsel’s deficient performance.  See Strickland
v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); see
also Wiggins
v. Smith, 539
U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003).

            Johnson alleges several
failures by trial counsel.  He filed a pro se motion for new trial
alleging ineffective assistance, but no hearing was held on the motion.  The
record is silent as to any reasons explaining trial counsel’s actions and we
will not so speculate.  See Thompson
v. State, 9
S.W.3d 808, 814 (Tex. Crim. App. 1999).  Absent a record revealing trial counsel’s
strategy or motivation, Johnson has not defeated the strong presumption that
trial counsel’s actions fell within the wide range of reasonable professional
assistance.  See id.  His ineffective assistance claim is
better raised through an application for a writ of habeas corpus.  See Rylander
v. State, 101
S.W.3d 107, 110 (Tex. Crim. App. 2003).

           To prove ineffective assistance of
appellate counsel, Johnson must show that: (1) counsel’s performance was
deficient; and (2) there is a reasonable probability he “would have prevailed
on appeal” but for counsel’s deficient performance.  Ex parte Santana, 227 S.W.3d 700, 704-05 (Tex.
Crim. App. 2007).  Johnson cannot meet this standard.  Our review of
the trial record does not suggest that there is any reasonable probability that
Johnson “would have prevailed on appeal” if counsel had presented some of the
issues he discusses in his pro se response.  See id.

Independent
Review

Having
conducted an independent review of the record, we find this appeal to be wholly
frivolous.  We affirm the
judgment.  Pursuant to Rule of Appellate Procedure 48.4,
counsel must send Johnson a copy of our decision by certified mail, return
receipt requested, at Johnson’s last known address.  Tex. R.
App. P. 48.4. 
Counsel must also notify
Johnson of his right to file a pro se petition for discretionary
review.  Id.; see also Ex parte Owens, 206 S.W.3d 670, 673-74 (Tex.
Crim. App. 2006); Villanueva v. State, 209 S.W.3d 239, 249 (Tex. App.—Waco
2006, no pet.).  We grant counsel’s motion to withdraw, effective
upon counsel’s compliance with the aforementioned notification requirement as
evidenced by “a letter [to this Court] certifying his compliance.”  See Tex. R.
App. P. 48.4.

 

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring with note)*

Affirmed

Opinion
delivered and filed July 8, 2009

Do not publish

[CR25]

 

*           (Chief
Justice Gray joins no part of the opinion.  A separate opinion will not
follow.  He notes, however, that for the reasons expressed in his concurring
opinion in Kirven v.
State, No. 10-08-00064-CR, 2009 Tex. App. LEXIS 3338, at
*10-14 (Tex. App.—Waco May 13, 2009, no pet.) (not designated for
publication) (Gray, C.J., concurring),
his dissenting opinion in Garner
v. State, No. 10-05-00218-CR, 2007 Tex. App. LEXIS 4246, at *17-20
(Tex. App.—Waco May 30, 2007, pet. ref’d) (not designated for publication)
(Gray, C.J., dissenting),
and his concurring opinion in Villanueva v. State, 209 S.W.3d 239, 249-252 (Tex.
App.—Waco 2006, no pet.) (Gray, C.J., concurring), he joins only the
judgment affirming the trial court’s judgment.)









[1]               Johnson argues that the
enhancement paragraph listed an incorrect 1999 date instead of the correct 1997
date.  However, the correct date is included in the penitentiary packet
admitted into evidence.  See Reese
v. State, 905 S.W.2d
631, 635 (Tex. App.—Texarkana 1995, pet. ref’d) (“[V]ariance between [] indictment and [] proof
was not material or fatal in light of the otherwise precise correlation between
the pen packet and the identifying information stated within the indictment.”); see
also Guerra v. State, No.
04-06-00245-CR, 2007 Tex. App. LEXIS 1955, at
*13-14 (Tex. App.—San Antonio Mar. 14, 2007, pet. ref’d) (not designated
for publication) (Because “penitentiary packets with the correct cause numbers were
admitted into evidence during the punishment phase,” and Guerra did not “allege
that the variances between the cause numbers in the enhancement
allegations and those read at the punishment phase surprised him to his
prejudice, the variances are not material and do not require reversal.”).